IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| HENRY MAX RUSHEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 113-063 |
| | ) | (Formerly CR 109-063) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Correctional Institution in Ashland, Kentucky, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This case is currently before the Court on Petitioner's amended § 2255 motion, his motion for discovery, and several discovery requests in his reply. (Doc. nos. 3, 23, 26.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's requests for discovery in his reply and his motion for discovery be **DENIED** (doc. nos. 23, 26), that the amended § 2255 motion be **DENIED** without an evidentiary hearing (doc. no. 3), that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

**I.  BACKGROUND**

On May 7, 2009, Petitioner was indicted in Count One of armed robbery of a credit union in violation of 18 U.S.C. §§ 2113(a) and (d), and in Count Two of carrying, using, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. §

924(c). United States v. Rushen, CR 109-063, doc. no. 1 (S.D. Ga. May 7, 2009) (hereinafter "CR 109-063"). According to the indictment, on March 19, 2009 Petitioner used, carried, and brandished a handgun during the robbery of a credit union in Evans, Georgia. (Id.) Petitioner was represented during preliminary proceedings, his two trials, sentencing, and on appeal by appointed counsel Stephen H. Brown, as well as Blair Ballard Massey during trial. (Id., doc. nos. 12, 14, 72-77, 124, 128-130, 147, 149, 163.)

On August 27, 2009, Mr. Brown requested authorization and funds to retain the services of an imaging expert to assist in preparing Petitioner's defense, "given that the crux of the case against Defendant [was] based upon a surveillance video." (Id., doc. no. 43, p. 1.) Prior to filing the motion, Mr. Brown consulted with an engineering firm to discuss options for enhancing and analyzing the surveillance video and photographs taken by the bank's security cameras. (Id. at 2-3.) Based on these options, Mr. Brown requested funding to retain the imaging expert, an order requiring the bank to provide the make and model of its security cameras, and authorization to take comparison photographs of Petitioner. (Id. at 3-4.) After conducting an *ex parte* hearing on October 2, 2009, United States District Judge J. Randal Hall granted Mr. Brown's request on October 6, 2009, and authorized funds to pay for the expert services provided. (Id., doc. nos. 56, 91.)

Mr. Brown forwarded the surveillance video to the imaging expert, who advised him that "further enhancement of the perpetrator's face was not feasible." (Doc. no. 7-1 ("Brown Aff."), p. 2.) Mr. Brown then traveled to McDuffie County jail, where he used a camera provided by the imaging expert to obtain comparison photographs of Petitioner

2

for use by the expert in his analysis. (Id.) Petitioner was present during this time and "participated at all times in the effort to obtain the comparable images." (Id.) Once he had obtained comparable images, Mr. Brown "consulted with the imaging expert, co-counsel and Mr. Rushen, and the decision was made not to use the images in either trial as it was determined that they would not be helpful to Mr. Rushen's defense." (Id.)

Petitioner's first trial lasted three days, but the jury was unable to return a verdict and Judge Hall ordered a mistrial on December 23, 2009. (CR 109-063, doc. no. 82.) Prior to the second trial, both parties filed motions in limine, which Judge Hall granted in part and denied in part. (Id., doc. nos. 110, 117, 127.) Judge Hall granted the government's request to allow evidence regarding Petitioner's cocaine use on the morning of the robbery and denied Petitioner's request to exclude from evidence a pair of green latex gloves obtained from his employer. (Id., doc. no. 127.) During jury selection, Petitioner's counsel raised a Batson[1] challenge arguing that the government's peremptory strikes were based on race, which Judge Hall denied. (Id., doc. no. 128.)

During the second trial, the government presented the surveillance video and a still photo of the perpetrator taken during the robbery. (Id., doc. no. 141, pp. 99-100, 119-120.) Petitioner was identified as the perpetrator by multiple eye-witnesses (id. at 204-08, 217, 246), as well as by five witnesses who knew Petitioner (id. at 278, 287, 308, 310, 325, 327, 410-11, 419, 421). Petitioner's alibi statement was also admitted into evidence, and the government presented testimony regarding falsehoods as to the times provided therein. (Id. at 346, 350, 390-97.) The green latex gloves were also entered

---

[1] Batson v. Kentucky, 476 U.S. 79 (1986).

into evidence, and Petitioner's supervisor testified that the gloves were available to all employees at the plant where Petitioner worked and were similar to those depicted in the photographic evidence of the robbery. (Id. at 80, 289-91.) Furthermore, three witnesses testified that Petitioner confessed to the robbery while incarcerated awaiting trial, describing the crime in detail and explaining that he had chosen the bank because his wife or girlfriend was familiar with it, that he had used a gun during the robbery, and that he had been high on cocaine at the time. (Id. at 438-41, 467, 485-88.) On April 21, 2010 the jury found Petitioner guilty of both Counts in the indictment. (Id., doc. nos. 130, 133.)

Petitioner filed a motion for a judgment of acquittal or new trial, which was denied on June 16, 2010. (Id., doc. nos. 137, 144.) On October 12, 2010, Judge Hall sentenced Petitioner to a total of 144 months of incarceration, 5 years of supervised release, restitution of $2,018, and a special assessment of $200; the judgment and conviction were entered the same day. (Id., doc. nos. 147, 148.)

On appeal, Petitioner argued that Judge Hall erred by denying his Batson challenge, by allowing evidence of Petitioner's cocaine use on the morning of the robbery, and for failing to exclude from evidence the green latex gloves. (Id., doc. no. 167, pp. 1-6.) Petitioner also argued there was insufficient evidence to support the jury's verdict, and that Judge Hall erred at sentencing by applying a two-level enhancement for obstruction of justice. (Id. at 6-9.) The Eleventh Circuit affirmed Judge Hall's decisions to deny Petitioner's Batson challenge and permit the above-mentioned evidence, and also rejected Petitioner's insufficient evidence claim, noting that "several witnesses identified

Rushen as the robber." (Id., at 5-7.) The Eleventh Circuit also upheld the obstruction of justice sentence enhancement because "Rushen's alibi statement was false and material." (Id., at 8.) Accordingly, the Eleventh Circuit affirmed Petitioner's conviction and sentence on March 19, 2012. (Id., doc. nos. 167-169.)

Petitioner next filed the instant § 2255 motion, which he amended as of right under Fed. R. Civ. P. 15(a). (Doc. nos. 1, 3.) Petitioner thereafter repeatedly requested that the Court order expansion of the record through discovery and grant him leave to amend his § 2255 motion again. (Doc. nos. 8, 15, 20, 22, 26.) Petitioner has responded to the Court's denials of his requests by filing additional motions and ignoring the Court's instructions to file a reply brief. (Doc. nos. 12, 14, 19, 21, 25.) Petitioner has now filed a reply brief, but he included therein several more requests for discovery and has filed yet another separate motion for discovery. (Doc. nos. 23, 26.) Nevertheless, as Petitioner has now filed his reply in support of the amended § 2255 motion, this case is ripe for disposition.

In Ground One of the amended § 2255 motion, Petitioner states that he received ineffective assistance because his trial counsel failed to secure an imaging expert to examine photographic evidence captured by the bank's security cameras. (Doc. no. 3, p. 4.) In Ground Two, Petitioner claims his appellate counsel was ineffective for failing to raise the same issue, citing Evitts v. Lucy, 469 U.S. 387 (1985) without further explanation. (Id. at 5.) In Ground Three, Petitioner claims he is actually innocent as to both Counts, and that analysis of the photographic evidence by an imaging expert "would show that the photograph presented at trial would not be [Petitioner]." (Id. at 7.) In its

response, Respondent argues that actual innocence is not an independent ground for relief in a § 2255 motion, and that Petitioner received effective assistance of counsel at trial and on direct appeal. (Doc. no. 7.)

## II. DISCUSSION

### A. There Is No Need for an Evidentiary Hearing.

In his reply, Petitioner requests, among several other things, that the Court conduct an evidentiary hearing. (Doc. no. 23, pp. 6-7.) Section 2255 does not require that the Court hold an evidentiary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). As the Eleventh Circuit has explained, "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts only conclusory allegations. Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004) (*per curiam*); see also Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (noting that a petitioner is not entitled to an evidentiary hearing if his "claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible'" (citing Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (*en banc*)).

With regard to ineffective assistance of counsel claims, the Eleventh Circuit has recognized that an evidentiary hearing "is often required for development of an adequate

record." Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Nonetheless, this general rule does not require the Court to hold an evidentiary hearing every time an ineffective assistance of counsel claim is raised. Id. As described in detail below, the Court finds that Petitioner's claims lack merit as a matter of law or are otherwise affirmatively contradicted by the record. Thus, no evidentiary hearing is necessary in this case, and Petitioner's request for one should be **DENIED**.[2]

### B. Petitioner's Ineffective Assistance of Counsel Claims in Grounds One and Two of the Amended § 2255 Motion Are Without Merit.

#### 1. Under Strickland v. Washington,[3] Petitioner Bears a Heavy Burden on Ineffective Assistance of Counsel Claims.

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland. Massaro v. United States, 538 U.S. 500, 505 (2003). Petitioner must show that counsel was constitutionally ineffective under the two prongs of Strickland by proving defense counsel's performance was deficient and prejudicial. Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05

---

[2] In his reply, Petitioner also moves for leave to subpoena witnesses, appointment of a celphalometry expert, and a writ of mandamus ordering Respondent to enter evidence into the record. (Doc. no. 23, pp. 5-7.) These requests are similar to those in his previous motions and should likewise be **DENIED**. (Doc. no. 23, pp. 5-7.) Furthermore, because the Court has thoroughly addressed and denied Petitioner's prior request to expand the record based on information he found on the discovery disc (see doc. no. 19), his recently filed motion for discovery should be **DENIED** (doc. no. 26).

[3] Strickland v. Washington, 466 U.S. 688 (1984).

7

(11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as [trial] counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985); see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013). Under the prejudice prong of Strickland, the petitioner must show that there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Brooks, 719 F.3d at 1300 (quoting Strickland, 466 U.S. at 694) (internal citation omitted). As the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had

some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations omitted).

To the extent Petitioner argues that his counsel's performance on appeal was deficient, such claim is "governed by the same standards applied to trial counsel under Strickland." Philmore v. McNeil, 575 F.3d 1251, 1264 (11th Cir. 2009) (*per curiam*). The Court's analysis is further guided by the principle that appellate counsel is not ineffective for failing to raise a frivolous argument on appeal. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (*per curiam*). Neither does the Sixth Amendment require appellate advocates to raise every non-frivolous issue. Philmore, 575 F.3d at 1264. Appellate counsel is not ineffective for failing to raise claims reasonably considered to be without merit. U.S. v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

### 2. Petitioner Has Not Established Ineffective Assistance of Trial Counsel Based on His Attorney's Alleged Failure to Secure an Imaging Expert or to Call such Expert to Testify.

Petitioner fails to satisfy either prong of the Strickland test as to his claim in Ground One of the amended motion that counsel was ineffective for failing to secure an imaging expert to analyze the photographic evidence presented at trial. (Doc. no. 3, p. 4.) In his reply brief, Petitioner concedes that Mr. Brown did in fact consult with an imaging expert, but argues that his attorneys' failure to subpoena the expert to testify at trial prevented him from "present[ing] a full alibi defense." (Doc. no. 23, pp. 2-3.)

Petitioner cites two Fifth Circuit cases, Soffar and Alexander,[4] for the proposition that his attorneys' failure to call the imaging expert to testify at trial justifies reversal of his convictions. (Id.) These cases, however, are not binding on this Court, nor do they provide any support for his claims even if they were binding precedent. In Soffar, the Fifth Circuit held that defense counsel's "failure to investigate key avenues of evidence," including failing to retain a ballistics expert despite the fact that the "State's theory relied heavily on ballistics evidence," satisfied the first prong of Strickland. 368 F.3d at 476-78. However, as discussed above, Mr. Brown did retain an imaging expert, and conducted a thorough investigation into and analysis of the photographic evidence in Petitioner's case.

In Alexander, the Fifth Circuit overturned the trial court's ruling on a motion in limine in which it ruled that testimony of an expert in photographic comparisons was inadmissible at trial. 816 F.2d at 167. As such, the court was making a determination as to admissibility of evidence, not whether counsel's performance was constitutionally deficient. Furthermore, the Fifth Circuit noted that the expert, after examining the film taken of the offense, "concluded that it was impossible for [the petitioner] to be the person depicted in the photographs." Id. Here, however, Mr. Brown's sworn affidavit indicates that the imaging expert had come to no such conclusion, and that his testimony would not have been helpful to Petitioner's defense. See Brown Aff., p. 2. Therefore, neither Soffar nor Alexander provides any support for Petitioner's ineffective assistance

---

[4] Soffar v. Dretke, 368 F.3d 441 (5th Cir. 2004); United States v. Alexander, 816 F.2d 164 (5th Cir. 1987).

of trial counsel claim.

As to the first prong of the Strickland test, the decision not to call a witness is a strategic decision and is therefore given great deference. Strickland, 466 U.S. at 691; Cook v. Warden, Ga. Diagnostic Prison, 677 F.3d 1133, 1137 (11th Cir. 2012) ("[W]hich witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." (internal quotations and citation omitted)). Indeed, a strategic decision will be deemed ineffective only if it is "so patently unreasonable that no competent attorney would have chosen it." Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) (citing Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983) (*per curiam*)).

Here, Mr. Brown moved for authorization and funds to retain an imaging expert, visited Petitioner in jail to obtain comparable images for the expert to use in the analysis, and consulted with the expert and Petitioner regarding the expert's findings. See Brown Aff., pp. 1-2. Ultimately, after a thorough investigation of the photographic evidence in the case, Petitioner and his attorneys decided not to use the imaging expert's analysis because it "would not be helpful to Mr. Rushen's defense." (Id.) Therefore, the decision not to call the imaging expert to testify was not unreasonable, much less patently unreasonable so as to overcome the "heavy measure of deference" due such a decision. See Dingle, 480 F.3d at 1099; Strickland, 466 U.S. at 691. Thus, Petitioner fails to show that his counsel's representation at trial "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688.

Even if the decision not to call the imaging expert to testify at trial was

unreasonable, which it was not, Petitioner cannot show he suffered any prejudice as a result of the decision. Petitioner argues that the expert's testimony was necessary because the eyewitnesses who identified him as the culprit "[b]ased their identification [sic] on a distorted picture from surveillance video." (Doc. no. 23, p. 3.) Petitioner speculates that expert testimony "would show that the photograph presented at trial would not be [Petitioner]," and argues in conclusory fashion that his counsel's failure to call the imaging expert to testify "caused the jury to return a guilty verdict against [him]." (Doc. no. 3, p. 7; doc. no. 23, p. 2.)

As stated above, the fact that an alleged error "had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher, 368 F.3d at 1293 (quotation and citations omitted). Thus, Petitioner's speculation that testimony from an imaging expert would have "assisted the Court and/or the Jury in making it's [sic] determination" (doc. no. 23, p. 3), even if true, does not amount to an affirmative showing of prejudice so as to undermine confidence in the outcome of his trial. Brooks, 719 F.3d at 1300. Indeed, despite his statement that the expert's testimony would have resulted in a different outcome, Petitioner does not provide any reason to question his trial counsel's determination, which he agreed with at the time, that the expert's analysis would not have been helpful to his defense. Brown Aff., p. 2. In sum, even assuming for the sake of argument that his counsel's representation fell below the objective standard of reasonableness, Petitioner suffered no prejudice as a result and thus fails to carry his heavy burden under the second prong of Strickland.

### 3. Petitioner Has Not Established Ineffective Assistance of Appellate Counsel Based on His Failure to Raise the Issue of Trial Counsel's Failure to Secure an Imaging Expert to Testify.

Petitioner also fails to satisfy the heavy burden under Strickland as to his claim in Ground Two that he received ineffective assistance of appellate counsel. Petitioner's argument in the amended § 2255 motion consists only of the statement that "[c]ounsel fail to rise [sic] the issue for a photo expert," as well as the above-mentioned citation to Evitts. (Doc. no. 3, p. 5.) In his reply brief, Petitioner references the same two Fifth Circuit cases he cited in his argument for Ground One, stating in conclusory fashion that "[h]ad counsel briefed said issue there is a highly probable chance that the jury's verdict would have been vacated as was done in Soffar and Alexander." (Doc. no. 23, p. 5.)

Because Petitioner's argument is based on the same alleged failure of his counsel as that in Ground One, his claim in Ground Two likewise fails to satisfy the two-prong test under Strickland. Petitioner's conclusory statement that reversal of the verdict would have been highly probable if his counsel's alleged error had been raised on appeal does not establish prejudice, nor does it overcome the strong presumption of his counsel's competence. See Brooks, 719 F.3d at 1300; Hagins, 267 F.3d at 1204-05. Indeed, in affirming Petitioner's convictions on appeal, the Eleventh Circuit noted that

> Two robbery witnesses identified Rushen out of a photographic lineup as the robber and a third witness picked Rushen out of a lineup as the man she saw pulling out of the credit union parking lot just after the robbery. Five other witnesses, each of whom had known Rushen for years, also identified Rushen as the robber based on a still photograph from the credit union's surveillance video. In addition, three of Rushen's fellow inmates testified that Rushen had confessed to committing the robbery while he was in jail awaiting trial. This evidence was sufficient to support the jury's verdict.

13

CR 109-063, doc. no. 167, p. 7. Thus, given the ample identification evidence cited by the Eleventh Circuit, Petitioner fails to show that the issue of calling an imaging expert to testify at trial was meritorious and should have been raised on appeal. See Philmore, 575 F.3d at 1264; Nyhuis, 211 F.3d at 1344.

As explained above, Soffer and Alexander provide no support for his position, nor does the Supreme Court's decision in Evitts, as that case merely addresses the right of defendants to receive effective assistance of counsel on direct appeal. 469 U.S. at 393-94, 396-97. Indeed, the Supreme Court stated in Evitts that appellate counsel "need not advance *every* argument, regardless of merit, urged by the appellant." Id. at 394 (emphasis in original) (citation omitted). Because Petitioner fails to show that his appellate counsel's performance "fell below an objective standard of reasonableness," or that he suffered any prejudice therefrom, Ground Two of the amended § 2255 motion provides no basis for relief. Strickland, 466 U.S. at 688, 694.

### C. Petitioner's Actual Innocence Claim Does Not State a Ground for Habeas Relief.

In Ground Three, Petitioner argues that he is actually innocent of the charges in the indictment and that imaging expert testimony "will prove the actual innocence claim." (Doc. no. 3, p. 7; doc. no. 23, p. 4.) However, neither the Supreme Court nor the Eleventh Circuit has definitively recognized actual innocence as a freestanding ground for habeas corpus relief, particularly in a non-capital case. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."); Cunningham v. Dist. Attorney's Office for Escambia Cnty., 592 F.3d 1237, 1272 (11th Cir. 2010)

("[T]his Court's own precedent does not allow habeas relief on a freestanding innocence claim in non-capital cases . . . ."). Thus, Ground Three of the amended § 2255 motion provides no basis for relief.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's requests for discovery in his reply and his motion for discovery be **DENIED** (doc. nos. 23, 26), that the amended § 2255 motion be **DENIED** without an evidentiary hearing (doc. no. 3), that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 15th day of May, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA